UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.  Case No: 6:17-cr-89-Orl-41LRH

**MICHAEL ANTHONY NELSON**
_____/

**ORDER**

THIS CAUSE is before the Court on the Defendant's Notice of Appeal of the Magistrate Judge Order (Doc. 90). Therein, the Defendant seeks review of United States Magistrate Judge Leslie R. Hoffman's April 22, 2019 Order (Doc. 86).

Judge Hoffman's Order denied several motions that the Defendant filed *pro se*. (*Id.*). The essence of each motion is a challenge and request for clarification of one of the conditions of his supervised release. Judge Hoffman found that the challenge to the condition was due to be denied, as a condition of supervised release is "a final judgment immediately appealable to [the Eleventh Circuit]" and any challenge of such should have been raised during the Defendant's appeal and not in the instant motions. (*Id.* at 3 (quoting *United States v. Zinn,* 321 F.3d 1084, 1089 (11th Cir. 2003))). Additionally, Judge Hoffman reasoned that the Defendant's challenge as to the implementation of the condition of supervised release was premature, as Defendant was still incarcerated at the time the Motions were filed, and not yet serving his term of supervised release. (Doc. 86 at 3). Therefore, any challenge regarding implementation would be inherently speculative. (*Id.* (citing *United States v. Slay*, 746 F. App'x 940, 941 (11th Cir. 2018))).

Plaintiff's objections to the Magistrate Judge's Order are reviewed under the "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); *Hallford v. Allen*, No. 07-0401-

WS-C, 2007 WL 2570748, at *1 (S.D. Ala. Aug. 30, 2007) (citing additional authority). Defendant's chief objection is that because his release from prison was imminent, his motion was not premature. (Doc. 90 at 2–3). However, Judge Hoffman's Order is clear: questions regarding the implementation of a condition of supervised release are speculative in nature and thus premature until the Defendant is actually serving his term of supervised release. The remainder of the Appeal seeks to terminate his supervised release due to a perceived conflict of interest, (*id.* at 3–5), which was not raised in the Motion and will not be addressed on appeal.

After reviewing Judge Hoffman's Order, the Court finds that Judge Hoffman did a thorough and clear analysis and that her conclusions are not "clearly erroneous" or "contrary to law." Moreover, Judge Hoffman denied the Defendant's Motion for Reconsideration (Doc. 77) without prejudice. (Doc. 86 at 4). The Defendant is free to refile the Motion when he begins to serve his term of supervised release.

Accordingly, it is **ORDERED** and **ADJUDGED** that Judge Hoffman's April 22, 2019 Order (Doc. 86) is **AFFIRMED**.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record